UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION


BRUCE J. HALL,

|  |  |  |
|---|---|---|
| | Plaintiff, | Case No.: 12-cv-10865 |
| | | Honorable David M. Lawson |
| v. | | Magistrate Judge David R. Grand |

71-A DISTRICT COURT
and JUDGE LAURA BARNARD,

                         Defendants.

_____/


## REPORT AND RECOMMENDATION TO DISMISS, *SUA SPONTE*, PLAINTIFF'S COMPLAINT [1] UNDER 28 U.S.C. § 1915(e)


**I.      RECOMMENDATION**

This case has been referred to the undersigned for management, hearing and determination of all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A), and for any reports and recommendations on dispositive matters that may be necessary pursuant to 28 U.S.C. § 636(b)(1)(B). *See* Order [4].

The plaintiff, Bruce Hall ("Plaintiff"), has been granted leave to proceed *in forma pauperis* in this matter. *See* Order [3]. The Court now having assessed the sufficiency of the complaint pursuant to 28 U.S.C. § 1915(e), **IT IS RECOMMENDED** that Plaintiff's complaint be dismissed.

II.     **REPORT**

    A.     **Background**

Plaintiff's one-page complaint alleges that the Defendants, The Honorable Laura Barnard and the 71-A District Court ("Defendants"), violated his "special civil rights" by authorizing seizure of his personal property in satisfaction of a $10,196.17 civil judgment entered against him on February 9, 2011 in a matter brought by an individual not a party to this action. *See* Compl. [1] at 1, 3. A copy of the Request and Order to Seize Property issued against him in the state court action was attached to the complaint. *Id.* at 3.

Plaintiff claims to be Native American and a member of the Mackinac Tribe. *Id.* at 1. He claims to be suing under 28 U.S.C. § 1983 for a violation of his constitutional rights, as well as under the "1972 Native American Handbook," a few pages[1] of which were attached Plaintiff's complaint. *Id.* at 1, 3-5, 7. Plaintiff seeks $1,000,000 in damages. *Id.* at 7.

    B.     **Standard of Review**

Once a complaint is filed *in forma pauperis* under 28 U.S.C. § 1915(a), the Court must test its sufficiency under § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss" a case at any time if it is: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v.*

---

[1] It appears from the Civil Cover Sheet that Plaintiff is referring to the "American Indian Civil Rights Handbook," a March 1972 pamphlet published by the United States Commission on Civil Rights (Clearinghouse Publication No. 33). That publication was prepared by the Commission on Civil Rights as "an explanation of the basic rights that Indians, both on and off reservations, share under Federal law with all other American citizens." *See American Indian Civil Rights Handbook* at 7. The *Handbook* contains no statutory authority, case law, or other legal basis to support this action, and does not alter the court's analysis of Plaintiff's claims.

*Williams*, 490 U.S. 319, 325 (1989).  Although a complaint "need not contain 'detailed factual allegations,' a plaintiff's obligation to provide grounds entitling him to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"  *McCrory v. Adair*, 2012 WL 662264 at *1 (E.D. Mich. Feb. 29, 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "'Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'"  *Id*. (citations omitted).  Similarly, dismissal is appropriate where a plaintiff's claim is based on an indisputably meritless legal theory."  *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998).  Under these standards, and for the reasons discussed below, Plaintiff's complaint should be dismissed.

> ### C.  Discussion

Even under the liberal construction customarily accorded the pleadings of a *pro se* litigant, this action is subject to summary dismissal under each of the three bases described in 28 U.S.C. § 1915(e)(2)(B), as well as under the *Rooker-Feldman* doctrine.

42 U.S.C. § 1983 provides that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States [] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  To sustain his constitutional claims under § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws, and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

> ### 1.  The Court Lacks Jurisdiction to Consider Plaintiff's Claims

Under the *Rooker-Feldman* doctrine "a federal district court lacks subject matter

jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are 'inextricably intertwined' with a state court's decision rendered in a judicial proceeding. *Olivares v. Performance Contracting Group*, 76 Fed. Appx. 603, 604-05 (6th Cir. 2003) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Put another way, *Rooker-Feldman* precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Yet that is precisely what Plaintiff is asking this court to do.

Here, the constitutional claims urged by Plaintiff are "inextricably intertwined" with the state court decision ordering seizure of his property; indeed the entirety of his complaint appears to be a challenge to that order's entry on constitutional grounds. [1]. *ADSA, Inc. v. Ohio*, 176 Fed. Appx. 640, 643-44 (6th Cir. 2006). Thus, regardless of the nature of the relief sought by Plaintiff, this court lacks jurisdiction to consider his claims. *See Van Tassel v. Lawrence County Domestic Relations Sections*, 390 Fed. Appx. 201, 203 (3rd Cir. 2010); *Olivares*, 76 Fed. Appx. at 604-05.

### 2. Both Defendants Are Immune From Plaintiff's Suit for Damages

#### a. Defendant 71-A District Court

Plaintiff cannot sustain a § 1983 claim for damages against Defendant 71-A District Court because that Defendant is entitled to immunity from suit under the Eleventh Amendment. The Sixth Circuit has recently and unambiguously held that "[t]he Nineteenth District Court (as with Michigan trial-level district courts generally) is entitled to the immunity protections of the Eleventh Amendment, and all federal claims against it must be dismissed." *Pucci v. Nineteenth*

*Dist. Court*, 628 F.3d 752, 764 (6th Cir. 2010).  Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a state and its agencies.  *See Will Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993).

Here, like the Nineteenth District Court that was entitled to dismissal in *Pucci*, the 71-A District Court is a "trial-level district cour[t]" that is protected from suit by the doctrine of sovereign immunity.  *See id*; *see also Reed v. 45B Judicial Dist. Court*, 2012 WL 273028 at *1 (E.D. Mich. 2012) (finding, pursuant to *Pucci*, that the 45B District Court was similarly entitled to sovereign immunity under the Eleventh Amendment, and dismissing the plaintiff's claim against it for failure to state a claim upon which relief can be granted).

Moreover, Plaintiff has alleged no action whatsoever by the 71-A District Court, and the mere fact that the underlying proceeding about which Plaintiff complains took place in that court is a frivolous basis for filing suit against it.

Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's claims against Defendant 71-A District Court should be dismissed.

### b.  Defendant Barnard

There is no indication in Plaintiff's sparse complaint that Defendant Barnard took any action against Plaintiff that was not within her official capacity as a judge of the district court.[2] Therefore, Plaintiff cannot sustain a § 1983 action against Defendant Barnard because his claims against her are barred by the doctrines of Eleventh Amendment immunity and judicial immunity.

"A suit against state officials, in their official capacities, is the same as a suit against the state itself and therefore is subject to the Eleventh Amendment." *Christmas v. Macomb County*

---

[2]  Although the signature is illegible, the Court assumes for purposes of this Report that it was Defendant Barnard who signed the attached Request and Order to Seize Property. *See* Compl. at 3.  Plaintiff makes no statements regarding Defendant Barnard in the Complaint.

*Circuit Court*, 2008 WL 251995 at *7 (E.D. Mich. Jan. 30, 2008) (citing *Kentucky v. Graham*, 473 U.S. 159 (1985)).  Defendant Barnard is a state official whose actions with respect to Plaintiff have been confined to her official capacity as a district court judge; thus, she is entitled to dismissal of Plaintiff claims under the Eleventh Amendment.  *See id.*

Plaintiff's claims against Defendant Barnard are also barred by the doctrine of judicial immunity, which protects judges from suits seeking monetary damages based on judicial acts performed under proper jurisdiction.  *See id.*; *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).  The principle of independent judicial decision-making "is so important to our system of jurisprudence that judicial immunity even extends to allegations of judicial acts done incorrectly, maliciously or corruptly."  *Christmas*, 2008 WL 251995 at *6 (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)).  Here, there is no indication that Defendant Barnard acted outside the scope of her judicial jurisdiction, and thus she is absolutely immune from Plaintiff's claims and is entitled to dismissal of his suit against her on that basis, as well.  *See id.*  For the same reasons, Plaintiff's claims against Defendant Barnard are frivolous under 28 U.S.C. § 1915(e)(2)(B).  *See Steen v. Marable*, No. 07-cv-15001, 2007 WL 4284892, at *2 (E.D. Mich. Dec. 4, 2007).

III.    CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED.**

Dated: March 15, 2012                              s/David R. Grand
Ann Arbor, Michigan                                DAVID R. GRAND
                                                   United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and

6

Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).   Failure to file specific objections constitutes a waiver of any further right of appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).   The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.   *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).   Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.   A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).   Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

        The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 15, 2012.

                                                s/Felicia M. Moses
                                                FELICIA M. MOSES
                                                Case Manager