UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE J HALL,

        Plaintiff,                    Case Number 12-10865
                                                       Honorable David M. Lawson

v.

71-A DISTRICT COURT and LAURA BARNARD,

        Defendants.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION, ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND DISMISSING PLAINTIFF'S COMPLAINT**

On April 3, 2012, the Court entered an order adopting the magistrate judge's report and recommendation and dismissing the plaintiff's complaint. The Court's order indicated that no objections to the report and recommendation had been filed. It has come to the Court's attention that the plaintiff submitted a document on April 2, 2012 entitled "Taking of Private Property Suits Against State and Tribal Officials." The Court will construe this document as a timely objection to the magistrate judge's report and recommendation.

Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The aspect of the magistrate judge's report and recommendation to which the plaintiff objects is not clear. However, the Court has engaged in a *de novo* review of the entirety of the report and recommendation. The Court concludes that the magistrate judge's reliance on the *Rooker-Feldman* doctrine is misplaced. However, the magistrate judge correctly concluded that the plaintiff's claims against defendant 71-A District Court are barred by the Eleventh Amendment and the plaintiff's claims against defendant Laura Barnard are barred by both the Eleventh Amendment and the doctrine of judicial immunity.

Accordingly, it is **ORDERED** that the plaintiff's filing entitled "Taking of Private Property Suits Against State and Tribal Officials," construed as an objection to the magistrate judge's report and recommendation [dkt. #10] is **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation is **ADOPTED IN PART**.

It is further **ORDERED** that the plaintiff's complaint is **DISMISSED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 16, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 16, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---